UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVE MCLELLAN,

        Plaintiff,

v.                              Case No. 3:18-cv-254-J-39MCR

CORRECTIONS OFFICER SHANE
BIANCANIELLO, et al.,

        Defendants.

**ORDER**

**I. Status**

This matter is before the Court on Defendants, Corrections Officer Shane Biancaniello and Captain/Corrections Officer Swain's Motion to Dismiss (Motion) (Doc. 4). Plaintiff, through counsel, filed a Response to Defendants' Motion to Dismiss (Response) (Doc. 6). He is proceeding on a civil rights Complaint (Complaint)[1] (Doc. 2).

**II. Standard of Review**

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal

---

[1] The Court references the pagination assigned by the electronic filing system.

pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). While "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (citation and footnote omitted).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which

simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

### III. Complaint[2]

Plaintiff raises four counts in the Complaint: (1) a civil rights violation under 42 U.S.C. § 1983 as to Corrections Officer Shane Biancaniello; (2) a civil rights violation under 42 U.S.C. § 1983 as to Captain/Corrections Officer Swain; (3) a civil conspiracy to commit a civil rights violation under 42 U.S.C. § 1983 as to Defendants, Corrections Officer Shane Biancaniello and Captain/Corrections Officer Swain; and (4) a conspiracy as an independent tort as to Defendants, Corrections Officer Shane Biancaniello and Captain/Corrections Officer Swain. As relief, Plaintiff seeks monetary compensation.

In his Statement of Facts, Plaintiff alleges that in November, 2013, he was imprisoned at Columbia Correctional Institution, when

---

[2] In considering the Motion, the Court must accept all factual allegations in the Complaint (Doc. 2) as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved.

he was caught passing notes from another inmate. Complaint at 2. Plaintiff received a summons to Defendant Swain's office. <u>Id</u>. Upon inquiry, Plaintiff refused to identify the inmate passing notes. <u>Id</u>. Defendant Swain told Plaintiff, based on his refusal to cooperate, Defendant Swain would not tell anyone what a guard was going to do to Plaintiff. <u>Id</u>. At that point, Defendant Biancaniello, who was also present in the office, struck Plaintiff in the ear and beat him about the top and left side of his head. <u>Id</u>. Plaintiff bled from his left ear. <u>Id</u>. Upon his return to general population, Plaintiff suffered from significant ear pain. <u>Id</u>. He sustained total hearing loss in his left ear due to this incident and the lack of timely medical treatment. <u>Id</u>.

### IV. Summary of the Arguments

Defendants state they seek the dismissal of the Complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Motion at 1. The focus of the argument, however, concerns Count IV, a conspiracy claim as an independent tort. <u>Id</u>. at 2. Indeed, they are moving "for an Order dismissing the Plaintiff's complaint in its entirety for failing to state a claim upon which relief can be granted **because the Plaintiff failed to allege compliance with Florida Statute § 768.28 in his complaint.**" Motion at 4 (emphasis added).

In passing, Defendants mention, not every instance of contact constitutes wanton conduct, and reference Hudson v. McMillian, 503 U.S. 1, 9-10 (1992), for the proposition that not every malevolent touch by a prison guard gives rise to a federal cause of action. Motion at 3. They rely on the transcript of Plaintiff's recorded statement, Defendants' Exhibit A, to support this contention. Motion at 3.

In response to Defendants' Motion, Plaintiff asserts he adequately alleged the Defendants' actions of striking Plaintiff in the ear and head in retaliation for refusing to inform on a fellow inmate were committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. See Complaint at ¶¶ 15, 17, 26, 28, 42. Finally, Plaintiff contends he has properly stated a valid cause of action and Defendants should not go beyond the four corners of the Complaint in a motion to dismiss. Response at 4.

### V. Law and Conclusions

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted);

Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).

Defendants contend Plaintiff cannot pursue this state tort action; he may only sue the entity by which the Defendants are employed, the state agency, relying on Fla. Stat. 768.28(9)(a). Motion at 2. Furthermore, they assert that a claim against the state agency for the state law claim of conspiracy as an independent tort is barred by Fla. Stat. § 768.28(6)(a) because Plaintiff failed to provide timely written notice to the state agency and the Department of Financial Services. Motion at 2.

Defendants Motion is due to be denied as the state statute provides:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, **unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.** However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official

> capacity, or the constitutional officer of which the officer, employee, or agent is an employee, **unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.**

Fla. Stat. Ann. § 768.28(9)(a) (emphasis added).

Upon review, case law reveals that "[t]he crux of a state-law assault and battery claim against [an officer] is 'whether a reasonable officer would believe that this level of force is necessary in the situation at hand.'" Christie ex rel. estate of Christie v. Scott, 923 F.Supp.2d 1308, 1328-29 (M.D. Fla. 2013) (quoting Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002)). Indeed, a defendant may be liable under Florida law for assault and battery if the force used was clearly excessive and unreasonable under the circumstances. Id. (citation omitted).

Significantly, this Court may exercise supplemental jurisdiction over a state law claim of assault and battery, see Logan v. Smith, No. 3:07-cv-1156-J-JBT, 2014 WL 2109889, at *8 (M.D. Fla. May 20, 2014);[3] Logan v. Johnson, No. 3:13-cv-532-J-

---

[3] This Court instructed the jury on the intentional torts of assault and battery under Florida law. See Logan v. Smith, No. 3:07-cv-1156-J-JBT, Court's Jury Instructions (Doc. 292 at 14-15).

39MCR, 2014 WL 5473561, at *8 (M.D. Fla. Oct. 28, 2014); Connell v. Tate, No. 3:10-cv-221-J-20JRK, 2012 WL 252817, at * 13 (M.D. Fla. Jan. 25, 2012), and this is particularly so when "the state law claim of assault and battery arises from the same nucleus of operative facts as the Eighth Amendment claims[.]" Negron v. Bryant, No. 3:08-cv-1118-J-34MCR, 2010 WL 746727, at *18 (M.D. Fla. Mar. 3, 2010).

Therefore, based on the above, the Motion will be denied to the extent Defendants seek dismissal of Count IV, the conspiracy claim for damages from them for the torts of assault and battery. Of course, Defendants will be given an opportunity to respond to the Complaint or file dispositive motions.

As previously noted, Defendants make a precursory, *de minimis* contact argument, giving citation to Hudson and relying on a transcript of a recorded statement. Motion at 3. Upon due consideration, this matter would more properly be raised in a Rule 56 motion with supporting records, affidavits, and other relevant documents. Here, Plaintiff has pled "enough fact to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570.

To the extent Defendants are attempting to seek summary judgment, the Court denies the Motion without prejudice. Defendants may file a motion for summary judgment with appropriate evidentiary materials. Indeed, when Defendants file their motions

for summary judgment, they are directed to state with particularity the supporting evidentiary basis for granting summary disposition of this case. See Reese v. Herbert, 527 F.3d 1253, 1268-69 (11th Cir. 2008). Plaintiff will be given the opportunity to respond with supporting evidentiary materials if Defendants elect to file motions for summary judgment.

Therefore, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 4) is **DENIED**.

2. Defendants shall respond to the Complaint by **May 30, 2018.**

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of May, 2018.

_____
BRIAN J. DAVIS
United States District Judge

sa 4/30
c:
Counsel of Record